IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR RANDOLPH TURNER, | § | |
| TDCJ-CID NO. 1326957, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-09-2926 |
| | § | |
| RICK THALER,[1] | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Victor Randolph Turner, a state inmate proceeding *pro se*, seeks federal habeas relief from disciplinary conviction number 20090253919. (Docket Entry No.1). Petitioner indicates that, as a result of such conviction, he lost thirty days of good conduct credit and had his class line status reduced. (*Id.*). Petitioner also indicates that he is entitled to release on mandatory supervision. (*Id.*).

Respondent has filed a motion for summary judgment (Docket Entry No.7), to which petitioner has filed a response. (Docket Entry No.10). For the reasons to follow, the Court will grant respondent's motion for summary judgment and dismiss this habeas action.

I. BACKGROUND

Petitioner, who is serving a ten-year sentence for evading detention with a vehicle, goes by the nickname of "Thug." (Docket Entry No.9, Disciplinary Grievance Record). In May, 2009, petitioner's prison job was to wash the shower walls. Sometime around May 19, 2009, the words, "O.G. T.H.U.G." were written on a shower wall with a pressure washer. (*Id.*). Petitioner was accused of writing such words and charged with a prison disciplinary offense of

_____

[1] Rick Thaler has replaced Nathaniel Quarterman as the Director of the Texas Department of Justice-Correctional Institutions Division. Accordingly, Thaler is automatically substituted as a party. FED. R. CIV. P. 25(d)(1).

1

damaging state property, which is a Level 2, Code 18 violation.    (Docket Entry No.9, Disciplinary Hearing Record); <u>TDCJ-CID Disciplinary Rules and Procedures for Offenders</u>.[2] Before the disciplinary hearing, petitioner submitted Step 1 Grievance Number 2009157261, dated May 22, 2009, in which he denied writing the words on the shower wall and accused Officer Adair of harassing him and putting him in danger of gang retribution by her accusation. (Docket Entry No.9, Disciplinary Grievance Record).

On May 26, 2009, petitioner appeared with counsel-substitute at the disciplinary hearing and entered a not guilty plea to the charge.  (*Id*., Disciplinary Hearing Record and audio tape).   The disciplinary hearing officer ("DHO") read the offense report written by Officer S. Adair and heard her say that petitioner was the only inmate with access to the power washer on May 19, 2009, and that she had seen him wear a t-shirt and use a cup emblazoned with the words "OG Thug," and heard other inmates call him Thug.   (*Id*.).   The DHO also viewed three photographs of the damaged shower wall.  (*Id*.).   The DHO also heard petitioner deny that he had written the words on the wall and Adair's response to petitioner's question as to whether she saw him write on the wall.   (*Id*.).   Adair did not see petitioner write on the wall; she reiterated, however, that petitioner was the only offender with access to the power washer that day.  (*Id*.). Petitioner asked the DHO if he could produce the t-shirt and cup to show that the words were not the same as Adair alleged but the DHO indicated that he did not see the relevance of the cup and shirt.  (*Id*., audio tape).   Based on this evidence, the DHO found petitioner guilty of the offense and assessed punishment at forty-five days loss of commissary privileges, temporary suspension of contact visits, forty-five days cell restriction, reduction in class line status, and thirty days loss of good time credit.  (*Id*., Disciplinary Hearing Record).

---

[2] http://www.tdcj.state.tx.us/publications/cid/GR-106%20Web%20doc%20%20Engish%202-07.pdf

Thereafter, on June 2, 2009, petitioner's Step 1 grievance was denied. (*Id.*, Disciplinary Grievance Records). Petitioner filed Step 2 Grievance Number 2009157261 on June 8, 2009, wherein he complained that Adair had lied at the hearing when she stated that his cup and t-shirt were emblazoned with "O.G. T.H.U.G." (*Id.*). He also complained that the DHO's refusal to allow him to produce the cup and shirt at the hearing was retaliatory. (*Id.*). Assistant Regional Director Kevin Mayfield responded that the allegations against the staff could not be substantiated and there was insufficient to support his claim. (*Id.*).

In the pending action, petitioner seeks federal habeas relief on the following claims:

1.  The evidence is insufficient to support a finding of guilt;

2.  Officer Adair lied at the disciplinary hearing when she said that petitioner's cup and t-shirt had the words "OG THUG" written on them;

3.  DHO B. Baggett violated his due process rights by not allowing petitioner to present his cup and t-shirt as evidence;

4.  Investigator L. Sanford did not conduct an adequate investigation because he did not attempt to view petitioner's cup and t-shirt; and,

5.  Officer Adair, DHO B. Baggett, and Investigator L. Sanford fabricated evidence at the disciplinary hearing in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

(Docket Entry No.1).

Respondent moves for summary judgment on claims that petitioner has failed to exhaust all but one of his claims and that these unexhausted claims should be dismissed as procedurally barred. (Docket Entry No.7). Alternatively, respondent moves for summary judgment on the ground that petitioner's claims are without merit. (*Id.*).

## II. ANALYSIS

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).   The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

### A. Sufficiency of Evidence to Support Disciplinary Conviction

Respondent contends that petitioner's only unexhausted claim, *i.e.*, the evidence is insufficient to support his guilt, is without legal merit.  (Docket Entry No.7).  Petitioner contends the evidence is insufficient because the charging officer lied at the disciplinary hearing and the DHO relied on false evidence.

Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited.  Due process requires only "some evidence to support the findings made in the disciplinary hearing."  *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 457 (1985).  The Supreme Court has determined that "[a]scertaining whether [the sufficiency-of-evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.

4

Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455. "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 537. "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

In this case, the DHO found petitioner guilty of damaging State property by power-washing "O.G. T.H.U.G." on the shower wall from the charging officer's written report and her oral statement at the hearing. (Docket Entry No.9, Disciplinary Hearing Report and audio tape). The report and officer's testimony showed that petitioner was the only inmate with access to the power washer in the shower area on the day of the incident and that the words written on the shower wall were the same or similar to his nickname "Thug." (*Id.*). Although petitioner denied the act, he called no witnesses and presented no documentary evidence at the hearing. Based on the offense report, the officer's testimony, and three photographs of the damaged wall, the Court finds that petitioner's rights set forth in *Wolff* have not been abridged and that there was some evidence in the record to support the DHO's decision in this case.

<u>B. Remaining Claims</u>

Respondent contends that petitioner's remaining claims are unexhausted and procedurally barred. (Docket Entry No.7).

A state inmate must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), (c). Although decisions about prison

grievances are made by TDCJ, and not by "courts of the State," there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. *See Prieser v. Rodriguez*, 411 U.S. 475, 492 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems"). In fact, the Fifth Circuit has long held that inmates seeking relief from prison disciplinary cases must exhaust their available administrative remedies before pursuing a federal writ of habeas corpus. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (holding that "the timely pendency of prison grievance procedures" tolls the statute of limitations for habeas corpus petitions found in 28 U.S.C. § 2244(d) because prisoners are required to pursue administrative remedies).

A prisoner must complete both steps of the grievance process to satisfy the exhaustion requirement. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Moreover, an administrative grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id.* at 522 (noting that "[i]n deciding how much detail is required in a given case . . . , a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials 'time and opportunity to address complaints internally'"). Petitioner's grievances show that he did not state an Eighth Amendment claim in his grievances or complain about Investigator Sanford's investigation or the fabricated evidence at the disciplinary hearing; therefore, such claims are unexhausted.

6

Respondent maintains that these claims are also procedurally barred because any attempt to exhaust such claims through the prison grievance system would be rejected as untimely.  (Docket Entry No.7).  When the petitioner's own procedural default leaves state remedies for a petitioner's claims unavailable, federal courts are barred from reviewing those claims. *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998).  A petitioner, however, may overcome the procedural default bar if he "can demonstrate cause for the defaults and actual prejudice as a result of the alleged violation of federal law" or else show that "failure to consider the claims will result in a fundamental miscarriage of justice." *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005).  "The fundamental miscarriage of justice exception to the rule that state procedural default bars federal habeas review is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).  To establish actual innocence, "the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)).  "Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Id.*

Petitioner has not shown "cause" under the "cause and prejudice" test nor demonstrated actual innocence, which is necessary to allow the court to reach the merits of the claims despite the procedural bar.  No external impediment prevented petitioner from properly raising and discussing these claims in his grievances.  Absent a showing of "cause," it is

7

unnecessary for this court to consider whether there is actual prejudice.  *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

To the extent that petitioner exhausted his claim that he was not allowed to produce evidence at the disciplinary hearing, the record does not show his due process rights were violated.  Because petitioner is eligible for mandatory supervision release, he has a protected liberty interest in his earned good-time credits.  *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007).  For this reason, the revocation of those credits must comply with the minimum amount of procedural protection required under the circumstances. *Superintendent, Mass. Correctional Institution*, 472 U.S. at 454; *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).  The minimum amount of due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action.  *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).  These requirements are flexible, however, and must necessarily be balanced against legitimate penological interests. *Superintendent, Mass. Correctional Institution*, 472 U.S. at 454.

Petitioner does not deny that he received advance notice of the charges against him.  Likewise, petitioner does not dispute that he received a written statement of the fact finder, relating the evidence relied upon and the reasons for the decision.  Petitioner complains that he was denied the opportunity to produce his cup and t-shirt to rebut Officer Adair's statement that she had seen petitioner in possession of a cup and t-shirt emblazoned with OG THUG on them. (Docket Entry No.1).  A prisoner's right to call witnesses and present evidence in a disciplinary

hearing is "a limited one, available to the inmate 'when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.'"  *Ponte v. Real*, 471 U.S. 491, 499 (1985).  A prison official can limit the evidence a prisoner presents when he can articulate legitimate reasons for doing so.  *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).  In this case, petitioner did not seek to produce evidence of his nick-name before the hearing.  (Docket Entry No.9, Disciplinary Hearing Record).  The DHO denied his request to produce the same after Adair's testimony because he did not find such evidence to be relevant. (*Id*., audio tape).  Moreover, petitioner does not show that the outcome of his hearing would have changed if he had produced the cup and shirt.  *See Banuelos v. McFarland*, 41 F.3d 232, 234-35 (5th Cir. 1995) (denying prisoner's due process claim that a disciplinary hearing officer failed to call defense witnesses where the testimony of such witnesses would not have changed the outcome of the hearing and thus the prisoner did not demonstrate prejudice).  Adair testified that she heard other inmates call petitioner "Thug" and he was the only inmate with access to the power washer in the shower area that day.

To the extent that petitioner alleges that the DHO was biased or partial during the disciplinary hearing, the Court has reviewed the audio-tape recording of the disciplinary hearing and finds that there is no evidence to support such allegation.  Moreover, the record does not show that the hearing officer was predisposed to finding petitioner guilty, that the officer's finding of guilt was based on less than constitutionally sufficient evidence, or that the officer even behaved in less than a professional manner.

To the extent that petitioner complains about the loss of commissary privileges, suspension of contact visits, forty-five days cell restriction, reduction in class line status, such sanctions do not implicate a constitutionally protected liberty interest; therefore, any challenge to

these sanctions fails to state a claim that is cognizable on federal habeas corpus review. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (finding limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir.2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995) (holding reduction in a prisoner's class status and its potential impact on good-time credit earning ability are not protected by the Due Process Clause). Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir, 1995).

Accordingly, respondent is entitled to summary judgment.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

10

find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability from this decision will not issue.

### IV. CONCLUSION

The Court finds that there is no genuine issue of material fact in this habeas action, and that the respondent is entitled to summary judgment as a matter of law.  It is, therefore, ORDERED as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No.7) is GRANTED.

2. This petition is DISMISSED with prejudice.

3. A certification of appealability from this decision is DENIED.

4. All other pending motions, if any, are DENIED.

The Clerk shall provide a copy of the Order to the parties.

SIGNED at Houston, Texas, this 4th day of March, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

11